Donald A. Robinson
Leda Dunn Wettre
Robinson, Wettre & Miller LLC
One Newark Center, 19th Floor
Newark, NJ  07102
Telephone: 973-690-5400
Facsimile: 973-466-2760
drobinson@rwmlegal.com
lwettre@rwmlegal.com

John R. Horvack, Jr.
Carmody Torrance Sandak & Hennessey LLP
195 Church Street, 18th Floor
New Haven, CT 06509
Telephone: 203-777-5501
Facsimile: 203-784-3199
jhorvack@carmodylaw.com

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| P+L SYSTEMS LLC<br><br>　　　　Plaintiff,<br><br>vs.<br><br>BIRD BARRIER AMERICA, INC.<br><br>　　　　Defendant. | Civil Action No.<br><br>**COMPLAINT**<br><br>JURY DEMAND |

{N0993710}

## THE PARTIES

1. Plaintiff, P+L Systems LLC ("P+L Systems") is a limited liability company organized under the laws of the State of Georgia and maintains a principal place of business located at 712 Executive Drive, Princeton, New Jersey 08540.

2. P+L Systems offers to sell, distributes and sells a certain bird deterrent product marketed under the name AVISHOCK ("the AVISHOCK product"). A true and accurate picture of the AVISHOCK product is attached as <u>Exhibit A</u>.

3. Defendant, Bird Barrier America, Inc. ("BBA") advertises itself as having a main office located at 20925 Chico Street, Carson, California 90746 and a shipping center located at 74 Henry Street, Secaucus, New Jersey 07094.

4. BBA markets and sells a competing bird deterrent product, and upon information, it does so throughout the country including within this Judicial District.

## JURISDICTION AND VENUE

5. This Complaint seeks declaratory relief and arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, the Patent Laws of the United States, Title 35 of the U.S. Code and the Trademark Laws of the United States, Title 15 of the U.S. Code.

6. This Court has subject matter jurisdiction by virtue of 28 U.S.C. §§ 1331, 1332, 1338 and 1367.

7. Venue is proper under 28 U.S.C. §§ 1391(b) and 1400(b).

8. The Court has personal jurisdiction over BBA because, *inter alia*, (1) BBA has a place of business in this Judicial District, (2) it transacts business in this Judicial District, (3) in particular, it markets, distributes and/or sells bird deterrent products in this Judicial District, and (4) this case or controversy arises out of communications BBA directed to a party located in this Judicial District.

## FACTUAL BACKGROUND

9. BBA is allegedly the owner of U.S. Patent No. D684,235 (the "235 Patent") entitled "Electric Deterrent Device," which issued on June 11, 2013. A true and correct copy of the 235 Patent is attached as Exhibit B.

10. In December 2013, a telephone conversation occurred between Cameron Riddell, President of BBA, and Steve Jackson, General Manager of P+L Systems, wherein BBA accused P+L Systems of infringing the 235 Patent by selling the AVISHOCK product.

11. Thereafter, Mr. Riddell on behalf of BBA sent Mr. Jackson an email, re-asserting that the sale of the AVISHOCK product allegedly infringed the 235 Patent and alleged trade dress rights BBA claims to have in its bird deterrent products.

12. P+L Systems responded in writing setting forth, in detail, reasons why the AVISHOCK product does not infringe the 235 Patent or any alleged trade dress rights.

13. On February 6, 2014, BBA re-asserted its contentions, added that P+L Systems has allegedly engaged in unfair competition, and assured P+L Systems that it would pursue legal remedies if P+L Systems continued to market, distribute and/or sell the AVISHOCK product in the United States.

14. BBA's assertions are baseless threats directed at a resident of this Judicial District and constitute illegal attempts to restrict free, fair and open interstate trade and competition.

## COUNT I – DECLARATORY RELIEF REGARDING THE 235 PATENT

15. P+L Systems restates the allegations contained in Paragraphs 1 through 14 as if stated verbatim herein.

16. A controversy exists between P+L Systems and BBA regarding the noninfringement of the 235 Patent requiring this Court enter a declaration of rights.

17. P+L Systems contends that its offering to sell and sale of the AVISHOCK product does not infringe the claim of the 235 Patent, nor would the manufacture, use or importation into the United States of the AVISHOCK product infringe the claim of the 235 Patent.

18. P+L Systems further contends that the 235 Patent is invalid under the Patent Laws of the United States, Title 35 of the U.S. Code.

19. P+L Systems is entitled to a declaratory judgment that its manufacture, use, sale, offer for sale and/or importation into the United States of the AVISHOCK product does not infringe a valid and enforceable claim of the 235 Patent.

## COUNT II – DECLARATORY RELIEF REGARDING NON-INFRINGEMENT OF TRADE DRESS

20. P+L Systems restates the allegations contained in Paragraphs 1 through 19 as if stated verbatim herein.

21. BBA alleges that it holds enforceable trade dress rights in its bird deterrent product and that P+L Systems infringes such trade dress rights, all of which P+L Systems denies.

22. BBA's claim of trade dress infringement fails because BBA has no trade dress rights in its bird deterrent products, and/or any such rights are functional, have not acquired secondary meaning and/or are not inherently distinctive.

23. BBA's claim of trade dress infringement also fails because any such alleged trade dress rights are not infringed by the offering for sale, selling and/or importing of the AVISHOCK product.

24. P+L Systems is entitled to a declaratory judgment that its manufacture, use, sale, offer for sale and/or importation into the United States of the AVISHOCK product does not infringe any valid and enforceable trade dress rights of BBA.

## COUNT III – DECLARATORY RELIEF REGARDING ALLEGED UNFAIR COMPETITION

25. P+L Systems restates the allegations contained in Paragraphs 1 through 24 as if stated verbatim herein.

26. BBA also contends that the sale of the AVISHOCK product constitutes unfair competition, which P+L denies.

27. BBA's claim of unfair competition fails because there is no infringement of a valid claim of the 235 Patent, BBA has no trade dress rights in its bird deterrent product, any alleged trade dress rights are functional, have not acquired secondary meaning and/or are not inherently distinctive, and/or are not infringed by the AVISHOCK product.

28. P+L Systems is entitled to a declaratory judgment that it does not engage in unfair competition by its manufacture, offering for sale, selling and/or importing of the AVISHOCK product.

## JURY DEMAND

29. Plaintiff requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

WHEREFORE, P+L Systems prays this Honorable Court enter a judgment as follows:

    1.    A declaration that the AVISHOCK product does not infringe the claim of U.S. Patent No. D684,235, and/or the claim is invalid and/or unenforceable under the Patent Act, 35 U.S.C. § 1 *et seq.*;

    2.    An injunction preventing BBA and any of its officers, agents, affiliates, successors or assigns from asserting the AVISHOCK product infringes U.S. Patent No. D684,235;

    3.    A declaration that BBA holds no trade dress rights in its bird deterrent product and/or that any alleged rights are functional, lack secondary meaning and/or lack inherent distinctiveness;

    4.    A declaration that the AVISHOCK product does not infringe any trade dress rights owned by BBA;

    5.    A declaration that the manufacture, use, sale, offer for sale and/or importation into the United States of the AVISHOCK product does not constitute unfair competition;

    6.    A determination that this case is an exceptional case under 35 U.S.C. § 285 and awarding P+L Systems its attorneys' fees, costs and expenses; and

7. For all other just and proper relief that the Court deems appropriate or necessary.

Dated: March 19, 2014

Respectfully Submitted,

*/s Donald A. Robinson*
Donald A. Robinson
Leda Dunn Wettre
Robinson, Wettre & Miller LLC
One Newark Center, 19th Floor
Newark, NJ  07102
Telephone: 973-690-5400
Facsimile: 973-466-2760
**drobinson@rwmlegal.com**
**lwettre@rwmlegal.com**

John R. Horvack, Jr.
Carmody Torrance Sandak & Hennessey LLP
195 Church Street, 18th Floor
New Haven, CT 06509
Telephone: 203-777-5501
Facsimile: 203-784-3199
**jhorvack@carmodylaw.com**

*Attorneys for Plaintiff*

## CERTIFICATION

Pursuant to Local Civil Rule 11.2, counsel for plaintiff P+L Systems LLC certifies that to the best of his knowledge the matter in controversy is not the subject of any other action pending in any other court, or in any pending arbitration or administrative proceeding.

Dated:  March 19, 2014                                             Respectfully submitted,

*s/Donald A. Robinson*
Donald A. Robinson
